UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 HICHAM ELHORR, M.D., and
D-3 LAMA ELHORR,

    Defendants.
    _____/

Case No. 13-20158

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT HICHAM ELHORR'S MOTION FOR A BILL OF PARTICULARS [92]**

At a hearing held on October 29, 2014, this criminal matter alleging charges involving health care fraud came before the Court on Defendant Hicham Elhorr's motion for a bill of particulars. [ECF No. 95], joined by Defendant Lama Elhorr [ECF No. 98]. For the reasons discussed below, Defendant's motion is DENIED.

**I.    Background**

On February 28, 2013, a federal grand jury returned an indictment against Defendant Hicham Elhorr, M.D. charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count 1); and with six counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2. On November 27, 2013, a federal grand jury returned a First Superseding Indictment against Hicham Elhorr, M.D., Ali Elhorr, M.D., Lama Elhorr, and Kelly White charging all Defendants with one count of health care fraud conspiracy, in violation of 18 U.S.C. § 1349; Hicham Elhorr with ten counts of health care fraud, in

violation of 18 U.S.C. §§ 1347 and 2; Ali Elhorr with four counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; and Lama Elhorr with two counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. (ECF No. 42.)

The charges stem from a multi-million dollar Medicare fraud scheme that Dr. Elhorr is alleged to have led and directed through his solely-owned home visiting physician practice called House Calls Physicians, PLLC ("HCP"). The Superseding Indictment alleges that Hicham Elhorr and his co-conspirators submitted false claims to Medicare for services not rendered and not medically necessary, including billings for physician home visits that licensed physicians did not provide. Also, Hicham and Ali Elhorr signed documents certifying patients as homebound and referred them for millions of dollars worth of home health services – services that were subsequently billed to Medicare – when, in fact, neither Hicham nor Ali Elhorr had seen or diagnosed the patients. It is further alleged that Hicham and Ali Elhorr improperly prescribed Medicare beneficiaries controlled substances and allowed others, including unlicensed individuals, to prescribe Medicare beneficiaries controlled substances under their names.

The matter is now before the Court on Defendant Hicham Elhorr's motion for a bill of particulars.

**II.  Analysis**

Defendant seeks a bill of particulars as to Count I of the First Superseding Indictment, charging him (and the other Defendants) with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. Defendant argues the Indictment inadequately informs him of the nature of the charges against him, fails to specify whether it is charging a single or multiple conspiracies, and prejudices his ability to prepare for trial. The government

persuasively argues that Defendant's motion should be denied because the First Superseding Indictment, along with the voluminous, substantial, and particularized discovery it has provided Defendant is sufficient to allow him to adequately prepare a defense, avoid the danger of unfair surprise at trial, and avoid double jeopardy. This Court agrees with the government.

### a. Standard of Review

The decision to order a bill of particulars is within the discretion of the district court. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). A bill of particulars has the following purposes: (1) to insure that the defendant understands the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable the defendant to plead double jeopardy if he is later charged with the same crime. *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

The allegations which give sufficient notice of the charge can be minimal. *See United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (indictment charging use of a firearm in connection with a drug offense held sufficient under Rule 7(c)(1) of the Federal Rules of Criminal Procedure even though the indictment did not mention the particular drug offense in which the firearm was used); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (indictment setting out the objective, means, method, and overt acts of the charged conspiracy held sufficient because it provided sufficient notice of the charges and the basis for a double jeopardy defense).

### b. Discussion

The First Superseding Indictment is 15 pages long and consists of 39 paragraphs.

Following a section of general allegations that sets forth background information about the federal health care program, the physician practice at issue in this criminal matter, and Defendants, the First Superseding Indictment details the charging language of Count 1 – health care fraud conspiracy, in violation of 18 U.S.C. § 1349. It describes the time frame of the alleged conspiracy, tracks the statutory language of the substantive health care fraud statute, and sets forth all of the elements of the charged conspiracy. The First Superseding Indictment then alleges the purpose of the conspiracy, with three distinctive aspects of that underlying purpose. In the next nine paragraphs, the First Superseding Indictment alleges the manner and means by which the co-conspirators sought to achieve the purpose of the conspiracy, including an overview of how the conspiracy operated and Defendant's and his Co-Defendant's role in furthering those operations.

Counts 2 through 11 of the First Superseding Indictment charge Defendant with health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, and are similarly pled. The First Superseding Indictment sets forth the statutory charging language, followed by a description of the purpose of the alleged health care fraud scheme, the scheme itself (through incorporation), and Defendants' acts in execution of the scheme. The First Superseding Indictment then provides detailed information on the ten substantive charges of health care fraud, including the initials of the beneficiary who purportedly received services, the approximate date of the purported service, a description of the item billed, and the approximate amount billed to Medicare.

Despite these specific allegations – and substantial discovery made available to Defendant in discovery – Defendant seeks more detail about the alleged conspiracy in Count 1. Specifically, Defendant wants more information about: (1) the specific Medicare

claims involved in the alleged conspiracy; (2) the specific claims where services were not provided; (3) the specific claims where there was billing for home visits not provided by licensed physicians; (4) specific claims where there was billing for home visits purportedly rendered by Defendant when he was out of the country; (5) specific claims ordering physical therapy and other services provided by home health agencies where the patient was not seen by Defendant Hicham Elhorr or Defendant Ali Elhorr, (6) specific claims where the ten patients received prescriptions where they were not seen or diagnosed, and (7) the identities of other co-conspirators and their alleged involvement in the conspiracy. These requests are not proper subjects of a bill of particulars.

It is not proper to use a bill of particulars as a discovery device "to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375. "Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). *See also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (observing that a motion for a bill of particulars should not be used as a tool for defendants to obtain disclosure of unnamed co-conspirators before trial); *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (internal quotes and citation omitted) (observing that a "bill of particulars is not intended as a means of learning the government's evidence and theories."); *United States v. Salisbury*, 983 F.2d at 1375 (observing that "[a] defendant is not entitled to discover all the overt acts that might be proven at trial."); *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976) (observing that a bill of particulars may not be used to force the government to disclose the names of all of the government's witnesses). Defendant's motion asks for discovery that he either already has or is not

otherwise entitled to under Fed. R. Crim. P. 16 or the Jencks Act.

### III. Conclusion

For the above-stated reasons, Defendant's motion for a bill of particulars [ECF No. 92] is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2014, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager