UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 HICHAM ELHORR, M.D., and
D-3 LAMA ELHORR,

    Defendants.
_____/

Case No. 13-20158

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT HICHAM ELHORR'S MOTION *IN LIMINE* REGARDING ESSENTIAL ELEMENTS OF CHARGED OFFENSES [94]**

At a hearing held on October 29, 2014, this criminal matter alleging charges involving health care fraud came before the Court on Defendant Hicham Elhorr's motion *in limine* regarding the essential elements of 18 U.S.C. § 1347 [ECF No. 94], joined by Defendant Lama Elhorr [ECF No. 98]. Defendant's motion is DENIED. Contrary to his arguments here, 28 U.S.C. § 1347, before its amendment and after, has consistently required that, to obtain a conviction, the government must prove that a defendant "acted with intent to defraud." *See, e.g., United States v. Semrau*, 693 F.3d 519, 524 (6th Cir. 2012).

**I.    Background**

On February 28, 2013, a federal grand jury returned an indictment against Defendant Hicham Elhorr, M.D. charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count 1); and with six counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2. On November 27, 2013, a federal grand jury returned a First

Superseding Indictment against Hicham Elhorr, M.D., Ali Elhorr, M.D., Lama Elhorr, and Kelly White charging all Defendants with one count of health care fraud conspiracy, in violation of 18 U.S.C. § 1349; Hicham Elhorr with ten counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; Ali Elhorr with four counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2; and Lama Elhorr with two counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2.  (ECF No. 42.)

The charges stem from a multi-million dollar Medicare fraud scheme that Dr. Elhorr is alleged to have led and directed through his solely-owned home visiting physician practice called House Calls Physicians, PLLC ("HCP").  The Superseding Indictment alleges that Hicham Elhorr and his co-conspirators submitted false claims to Medicare for services not rendered and not medically necessary, including billings for physician home visits that licensed physicians did not provide.  Also, Hicham and Ali Elhorr signed documents certifying patients as homebound and referred them for millions of dollars worth of home health services – services that were subsequently billed to Medicare – when, in fact, neither Hicham nor Ali Elhorr had seen or diagnosed the patients.  It is further alleged that Hicham and Ali Elhorr improperly prescribed Medicare beneficiaries controlled substances and allowed others, including unlicensed individuals, to prescribe Medicare beneficiaries controlled substances under their names.

The matter is now before the Court on Defendant Hicham Elhorr's motion *in limine* regarding the essential elements of 18 U.S.C. § 1347.

**II.   Analysis**

The health care fraud statute, 18 U.S.C. § 1347, was amended on March 23, 2010 by adding a subsection (b).  As amended, Section 1347 provides that:

> (a) Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice --
>
> > (1) to defraud any health care benefit program; or
> >
> > (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,
>
> in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.
>
> (b)  With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section.

18 U.S.C. § 1347, as amended by Pub. L. 111-148, Title VI, § 10606(b), Mar. 23, 2010, 124 Stat. 1008.

Defendant's motion argues that, by amending § 1347 to add subsection (b), Congress expressly eliminated the specific intent element that previously existed for § 1347 violations. From that erroneous premise, Defendant asserts that (1) the *ex post facto* clause precludes a conviction on Count II of the Indictment because the conduct alleged in that Count occurred before the March 23, 2010 amendment; and (2) because "substantially all of the conspiracy charged in Count I" occurred before the March 23, 2010 amendment, this Court should require the government to demonstrate proof of actual knowledge of § 1347 and specific intent to commit a violation of § 1347 to obtain a conviction under all Counts charged in the Indictment.

The government responds that § 1347 does not and has not ever required proof that a defendant had actual knowledge of the health care fraud statute and specifically intended

to violate that statute. The government's arguments are persuasive, and Defendant's motion *in limine* is DENIED.

To establish a defendant's guilt under § 1347, the government must prove, beyond a reasonable doubt, that the defendant "'(1) knowingly devised a scheme or artifice to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services; (2) executed or attempted to execute this scheme or artifice to defraud; and (3) acted with intent to defraud.'" *Semrau*, 693 F.3d at 524 (quoting *United States v. Martinez*, 588 F.3d 301, 314 (6th Cir. 2009)).

Contrary to Defendant's arguments here, the March 2010 amendment adding subsection (b) to § 1347 did not obviate the requirement that the government prove that a defendant acted with intent. Nor did the 2010 amendment alter the government's burden of proving that the defendant acted with an intent to defraud. Rather, as evidenced by its plain language and legislative history, this amendment clarified that the government need not do what Defendant is arguing for here – prove that a defendant was aware of the existence of, or specifically intended to violate, § 1347 to be found guilty of violating that statute. *See United States v. Ferrell*, No. 11 CR 595, 2013 WL 2636108, \*\*2-4 (N.D. Ill. June 12, 2013) (rejecting an argument similar to Defendant's here, i.e., that § 1347(b) "eliminates the *mens rea* requirement articulated in § 1347(a)").

First, if Congress had meant to broadly overhaul § 1347 and remove the element of criminal intent, as Defendant contends, it would have removed "knowingly" and "wilfully" from subparagraph (a). It did not. Rather, by expressly using the phrase "this section," Congress clarified that, to obtain a conviction under § 1347, the government need not prove that a defendant had specific knowledge of or specifically intended to violate "this

section" – Section 1347.

Second, the legislative history for § 1347's March 2010 amendment supports this statutory construction. "The impetus for this amendment" was the Ninth Circuit's decision in *The Hanlester Network v. Shalala*, 51 F.3d 1390, 1400 (9th Cir. 1995), construing the phrase "knowingly and willfully" in the "analogous Anti-Kickback statute," 42 U.S.C. § 1320a-7b(b), as meaning that a conviction required the government to prove that the defendant "(1) knew that the Anti-Kickback statute prohibited offering or paying remuneration to induce referrals; and (2) engaged in prohibited conduct with the specific intent to disobey the Anti-Kickback statute." *Ferrell*, 2013 WL 2636108 at *3. No other Circuit, including the Sixth Circuit, had adopted the Ninth Circuit's statutory interpretation. *Id.* Then, in March 2010, Congress amended the Anti-Kickback and Health Care Fraud statutes, inserting the same "this section" language in both. *See* 42 U.S.C. § 1320a-7b(h); 18 U.S.C. § 1347(b). This codified the majority view and rejected the Ninth Circuit's holding in *Hanlester* and similar cases. *Ferrell*, 2013 WL 2636108 at *3. With regard to § 1347, Congress drafted subparagraph (b) to address any confusion in the law and to clarify that the government need not prove that a defendant had specific knowledge of that section or intended to specifically violate that section. *See* 155 Cong. Rec. S10852-01 (daily ed. Oct. 28, 2009) (Comments, Amendment Authors, Senators Ted Kaufman and Patrick Leahy).

### III.  Conclusion

For the above-stated reasons, Defendant's motion *in limine* regarding essential elements of charged offenses [94] is DENIED.

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds

        United States District Judge

Dated:  November 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2014, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager