UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HICHAM A. ELHORR (D-1),

    Defendant.

_____/

Case No. 13-20158

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION UNDER SECOND CHANCE ACT [205]**

On May 20, 2015, Defendant entered a plea of guilty to one count of conspiracy to commit health care fraud. (Dkt. 130.) On November 19, 2015, the Court sentenced Defendant to be imprisoned for a term of 72 months. Judgment was entered on the same date. (Dkt. 157.) Defendant is currently serving his term of imprisonment at the Federal Correctional Institute in Morgantown, West Virginia. His projected release date is April 6, 2021. The matter is now before the Court on Defendant's pro se motion for a judicial recommendation under the Second Chance Act. (Dkt. 205.) The government opposes the motion. (Dkt. 209.)

Defendant requests this Court recommend that the Bureau of Prisons ("BOP") place him in a community or home confinement setting for a period of twelve months. Defendant states that this placement would allow him to help his wife and family with their emotional and financial needs and begin paying back his restitution obligations. The government argues that the Court does not have the authority to issue a recommendation at this time because judgment was entered in 2015 and the time to

appeal that judgment has lapsed. Alternatively, the government asserts that Defendant has not established that he is entitled to the relief requested.

Under the Second Chance Act, the BOP may place prisoners in a residential reentry center or home confinement during the final months of their terms of imprisonment to prepare them for reentry into the community. *See* 18 U.S.C. § 3624(c). The BOP evaluates inmates for any pre-release placement 17 to 19 months before their release date and makes a determination based on the factors set forth in 18 U.S.C. § 3621(b). *See* § 3624(c)(4); *Sacora v. Thomas*, 628 F.3d 1059, 1067 (9th Cir. 2010). One of these factors is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." § 3621(b)(4). A recommendation from the sentencing court is non-binding on the BOP and usually made at the time judgment is entered. Defendant cites to a number of cases in which courts made such recommendations after sentencing. In most of those cases, however, the government did not oppose the recommendation and the issue of whether a sentencing court has jurisdiction to issue a recommendation after it enters judgment was not before the court. *See, e.g., United States v. Bartels*, No. 12-20072, 2016 U.S. Dist. LEXIS 164056, at *2 (E.D. Mich. Nov. 29, 2016) (government took no position on Defendant's request). Thus, the Court finds that Defendant has not shown that the Court has the authority to make a recommendation at this time. *See United States v. Tipton*, No. 14-20142, 2018 U.S. Dist. LEXIS 49178, at *2 (E.D. Mich. Mar. 26, 2018) (finding the same).

And even if the Court did have the authority to issue a recommendation, it would not do so. The BOP is better equipped to address Defendant's request for placement in

a community or home setting pursuant to the Second Chance Act. *See United States v. Summerville*, No. 17-40022-02, 2018 U.S. Dist. LEXIS 165122, at *4-5 (D. Kan. Sept. 26, 2018) (noting the court lacked the requisite information to make a recommendation while the BOP has adopted policies to evaluate an inmate's eligibility for placement at a halfway house). Defendant may seek judicial review of any decision the BOP makes regarding his pre-release placement through a habeas petition filed pursuant to 28 U.S.C. § 2241 once he has exhausted his administrative remedies, but a court's review is limited to a determination of whether the BOP abused its discretion. *See United States v. Garcia*, No. 92-20103, 2015 U.S. Dist. LEXIS 61111, at *2 (E.D. Mich. May 11, 2015).

For the foregoing reasons, Defendant's motion for a judicial recommendation under the Second Chance Act is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 23, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager